# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT QUINCY THOMAS, | 1:19-cv-01217-GSA-PC |
| Plaintiff, | **ORDER RESCINDING ORDER TO SHOW CAUSE**<br>**(ECF No. 9.)** |
| v. | |
| L. REYNA, et al., | |
| Defendants. | |

## I.   BACKGROUND

Plaintiff, Robert Quincy Thomas, is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff filed the Complaint commencing this action on September 4, 2019.  (ECF No. 1.)

In his Complaint, Plaintiff indicates that he did not exhaust his administrative remedies at the prison, stating:

> "I have filed the grievance but the grievance process can take months to exhaust within CDCR, and due to the seriousness of my claim and me feeling that named defendants are a threat to my life, I got to file my claim as soon as possible.  Administrative remedies will be exhausted."

(Compl., ECF No. 1 at 2.)

On September 26, 2019, the court issued an order to show cause, requiring Plaintiff to show cause why this case should not be dismissed based on his representation in the Complaint that he did not exhaust his administrative remedies. (ECF No. 8.)

On October 7, 2019, Plaintiff filed a response to the court's order to show cause. (ECF No. 10.)

## II. DISCUSSION

In his Complaint, Plaintiff's brings claims for excessive force under the Eighth Amendment against prison correctional officers based on a cell extraction on May 11, 2019, at CSP-Corcoran where Plaintiff is currently incarcerated.

Plaintiff's claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)). The action is subject to dismissal and Plaintiff may not proceed in this action if he has not exhausted his administrative remedies. See, e.g., Albino, 747 F.3d at 1162 (in rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim); Medina v. Sacramento Cty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim.")

The Ninth Circuit has recognized that the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." Andres v. Marshall, 867 F.3d 1076, 1078 (9th Cir. 2017) (citing Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010)). In Ross v. Blake, the Supreme Court agreed, holding that § 1997e(a) requires an inmate to exhaust only those grievance procedures "that are capable of use to obtain some relief for the action complained of." – U.S. –, 136 S.Ct. 1850, 1859, 195 L.Ed.2d 117 (2016) (citation and internal quotation marks omitted). Andres, 867 F.3d at 1078. By way of a non-exhaustive

list, the Court recognized three circumstances in which an administrative remedy was not capable of use to obtain relief despite being officially available to the inmate: (1) when the administrative procedure "operates as a simple dead end" because officers are "unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use" because "no ordinary prisoner can discern or navigate it"; and (3) when prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1078 (quoting Ross, 136 S.Ct. at 1859–60.)

### **Threats Against Plaintiff**

In his response to the court's order to show cause, Plaintiff contends that he was not required to exhaust his administrative remedies because he was being threatened by staff at CSP-Corcoran and felt his life was in danger. Plaintiff felt that filing this urgent § 1983 case with the court would somehow protect him from Defendants.

Hostile interaction between a prisoner and prison guards, even when it includes a threat of violence, does not necessarily render the grievance system unavailable such that a prisoner's failure to exhaust administrative remedies required by PLRA before filing a court action is excused. Prison Litigation Reform Act of 1995, § 101(a), 42 U.S.C.A. § 1997e(a). McBride v. Lopez, 807 F.3d 982 (9th Cir. 2015). However, the threat of retaliation for reporting an incident can render the prison grievance process effectively unavailable and thereby excuse a prisoner's failure to exhaust administrative remedies required by PLRA before filing a court action. Prison Litigation Reform Act of 1995, § 101(a), 42 U.S.C.A. § 1997e(a). Id.

Here, Plaintiff has not explained the nature of the threats against him by Defendants. Therefore, the court lacks sufficient information to determine whether the threats against Plaintiff rendered the prison grievance process unavailable to Plaintiff.

### **Delay in Responses to Plaintiff's Prison Appeals**

Plaintiff also asserts that he did not exhaust his remedies because CSP-Corcoran obstructed his efforts to exhaust his remedies. Plaintiff alleges that the CSP-Corcoran appeal staff violated CCR § 3084.8(e)(c)(f)(g) by refusing to respond to his appeal within the time

period allowed to respond to inmate grievances. Plaintiff alleges that he filed grievance log no. CSPS-2-19-03486 pertaining to the excessive force used against him on May 11, 2019, and by October 3, 2019, had received no response. (ECF No. 1 at 2:2-10.)

As a general matter, prison officials' failure to abide by regulations governing the appeals process can render the process unavailable for purposes of exhaustion. See Nunez, 591 F.3d at 1224. The Ninth Circuit has not determined that an untimely response by prison appeals administrators provides a blanket excuse for a prisoner's failure to exhaust, but it has left open the possibility that unjustified delay in responding to a grievance, "particularly a time-sensitive one, may demonstrate that no administrative process is in fact available." Brown [v. Valoff], 422 F.3d [926,] 943 n. 18 [ (9th Cir. 2005) ]. Other judges of this [Eastern District] court have relied on Nunez and precedent from other circuits in finding that prison officials' failure to process appeals within the time limits prescribed by prison regulations renders an appeals process unavailable. See, e.g., Nible v. Knowles, 2010 WL 3245325 at *3 (E.D. Cal. 2010) (citing, inter alia, Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance), adopted by 2009 WL 1658043 (E.D. Cal.); see also Abney v. McGinnis, 380 F.3d 663, 667 (2nd Cir. 2004) (failure of prison officials to timely advance appeal may justify failure to exhaust); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir.2002) (failure to respond to grievance within policy time limits renders remedy unavailable); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time to respond has expired, the remedies are deemed exhausted)).

Plaintiff acknowledges that he was issued notices that the time for response to his appeal was delayed until August 23, 2019, and then until October 7, 2019. (ECF No. 10 at 9.) Plaintiff's evidence shows that he attempted to grieve the excessive delay of the prison's response to log no. CSPS-2-19-03486 by filing a new grievance on September 4, 2019, log no. CSPC-7-19-05701. (Id., Exh. A.)

More evidence is needed before the court can determine whether the prison's delays in responding to Plaintiff's appeals excused him from exhausting his administrative appeals.

## III.    CONCLUSION AND ORDER

Because there is some ambiguity as to whether Plaintiff adequately exhausted his administrative remedies, this is not one of the "rare" instances in which the failure to exhaust is clear from the face of the complaint.  See Robinson v. Cox, No. 1:18-CV-01400-SAB-PC, 2019 WL 3253937, at *2 (E.D. Cal. July 19, 2019).  The Court cannot rule out the possibility that Defendants' threats against Plaintiff were impermissibly retaliatory, or that the prison's delays in responding to Plaintiff's appeals were unjustified, causing the exhaustion process to be unavailable to Plaintiff.  Moreover, the court is unable to properly review Plaintiff's appeals because Plaintiff did not submit them in their entirety. Plaintiff was not required to allege all facts relevant to his exhaustion attempts on the face of his Complaint, nor is a *sua sponte* motion to dismiss the appropriate mechanism to challenge the sufficiency of the evidence.  See id.  Without a full record of all of Plaintiff's exhaustion efforts the Court cannot determine from the face of the complaint and attached exhibits that Plaintiff failed to exhaust the administrative remedies with respect to his excessive force claims against Defendants. Id. Therefore, the court's order to show cause shall be rescinded, and this case shall proceed.

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    The court's order to show cause, issued on September 26, 2019, is RESCINDED; and

2.    The court shall screen the Complaint under 28 U.S.C. § 1915A in due course.

IT IS SO ORDERED.

Dated:   __October 10, 2019__            _____/s/ Gary S. Austin

UNITED STATES MAGISTRATE JUDGE