UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT QUINCY THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>L. REYNA, et al.,<br><br>    Defendants. | **1:19-cv-01217-DAD-GSA (PC)**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Document #27)** |

On April 19, 2021, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section § 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.

In the present case, the court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel because he lacks adequate access to the law library due to Covid-19 restrictions. This is not an exceptional circumstance under the law. While the court has found that "Plaintiff states a cognizable claim in the Complaint against Defendants Huerta, Reyna, Podsakoff, Vellido, and Centeno for use of excessive force against Plaintiff in violation of the Eighth Amendment," this finding is not a determination that Plaintiff is likely to succeed on the merits. (ECF No. 13 at 7:1-3.) Plaintiff's excessive force claims are not complex, and based on a review of the record in this case, Plaintiff can adequately articulate his claims and respond to court orders. Thus, the court does not find the required exceptional circumstances, and plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **April 22, 2021**              /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE