UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT QUINCY THOMAS,

            Plaintiff,

     vs.

REYNA, et al.,

            Defendants.

**1:19-cv-01217-DAD-GSA-PC**

**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL**
**(ECF Nos. 31, 35, 38.)**

## I.      BACKGROUND

Plaintiff, Robert Quincy Thomas, is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 4, 2019.  (ECF No. 1.)  This case now proceeds with the original Complaint against the following defendants: Correctional Officer (C/O) L. Reyna, C/O M. Podsakoff, C/O P. Vellido, C/O J. Centeno, and Sergeant (Sgt.) N. Huerta (collectively, "Defendants"), for use of excessive force in violation of the Eighth Amendment.  (Id.)

On February 23, 2021, the court issued a discovery and scheduling order opening discovery and setting out pretrial deadlines for the parties to this case.  (ECF No. 23.)  The deadline to complete discovery, including the filing of motions to compel, expired on July 23, 2021.  Thus, discovery is now closed.

1

On June 24, 2021 and July 19, 2021, Plaintiff filed motions to compel production of documents, and on July 30, 2021, Plaintiff filed a motion to compel responses to interrogatories. (ECF Nos. 31, 35, 38.)  On July 15, 2021, August 2, 2021, and August 5, 2021, Defendants filed responses to the motions.  (ECF Nos. 34, 39, 42, 43.)  Plaintiff's motions to compel are now before the court.  Local Rule 230(*l*).

## II.    DISCOVERY -- LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.  Fed. R. Civ. P. 26(b)(1).

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS

(NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010).  If responsive documents do exist but the responsive party claims lack of possession, custody, or control, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response.  Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). Boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

Pursuant to Rule 33(a), an interrogatory may relate to any matter that may be inquired into under Rule 26(b).  Fed. R. Civ. P. 33(a)(2).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).  Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Id.

## III.   PLAINTIFF'S ALLEGATIONS AND CLAIMS IN THE COMPLAINT

The events at issue in the Complaint allegedly took place at Corcoran State Prison (CSP) in Corcoran, California, when Plaintiff was incarcerated there.  Plaintiff names as defendants Correctional Officer (C/O) L. Reyna, C/O M. Podsakoff, C/O P. Vellido, C/O J. Centero, and Sergeant (Sgt.) N. Huerta (collectively, "Defendants") bringing claims against Defendants for use of excessive force in violation of the Eighth Amendment.

Plaintiff alleges that on May 11, 2019, while at CSP pending transfer to another prison, he was extracted from his cell by Defendants C/O Reyna, C/O Podsakoff, C/O Vellido, and C/O Centero on the orders of Defendant Sgt. Huerta. Plaintiff was standing at his cell door in the ASU (Administrative Segregation Unit) talking to Sgt. Huerta about why he (Huerta) covered the outside of Plaintiff's cell window with yellow paper. Plaintiff told Sgt. Huerta that the act was unconstitutional. As they continued to talk about the matter, Sgt. Huerta became angry and ordered Defendants Reyna, Podsakoff, Vellido, and Centero to run into Plaintiff's cell. As soon as the cell door was opened Defendant Reyna entered the cell, followed by Defendants Podsakoff, Vellido, and Centero.

Defendant Reyna was holding a plexiglass shield in his hands and charged into the cell pinning Plaintiff against the back wall. When Plaintiff called out for help, Reyna rammed Plaintiff a few more times with the shield stating, "Shut the fu** up!" (Complaint at 6:6-8.) Plaintiff tried to curl his body against the blows from the shield and yelled "Help!" again. (Id. at:10-11.) Then Defendant Podsakoff grabbed Plaintiff by his tee shirt and left arm and slammed him to the cell floor. Plaintiff was in a prone position face down. Defendant Podsakoff placed Plaintiff in handcuffs and Defendant Centeno placed Plaintiff in leg restraints. Defendant Reyna placed his knee in Plaintiff's back, pressing it up and down. Defendants Vellido and Centeno snatched off Plaintiff's shoes and started kicking Plaintiff's legs, pulling him "every which way" by his feet. (Id. at 7:6-7.)

Podsakoff and Reyna kneed Plaintiff's back with their body weight until Plaintiff felt something pop in his back. Plaintiff yelled loudly, "My back, I can't feel my legs!" (Id. at 7:13-14.) Only then did they stop their attack. All of this happened in the presence of Sgt. Huerta who sometimes gave the other Defendants orders to use force against Plaintiff. After Plaintiff yelled that he could not feel his legs Sgt. Huerta told Reyna and Podsakoff to get off Plaintiff's back and exit the cell. Plaintiff was unable to get up on his own. He was dragged out of the cell by his arm pits and laid face down next to the wall across from his cell. He was then placed in a wheelchair and taken to see medical staff at CSP TTA. Plaintiff was then transferred from CSP

to a hospital in Hanford, California.   The doctors ran tests and had Plaintiff transferred to Adventist Health Hospital in Bakersfield, California by ambulance.

At Adventist Health Hospital, they took tests and kept Plaintiff for three days.   Plaintiff began to regain some movement in his legs and feet, but he still could not feel his legs or feet.   On May 14, 2019, Plaintiff was sent back to CSP, and on May 15, 2019, he was transferred to North Kern State Prison CTC Medical for physical therapy.   He was able to get out of the wheelchair and on May 24, 2019, was sent back to CSP where he continued his therapy.

No CDCR rules or policies were followed during Plaintiff's extraction from the cell.   The force used was excessive and unjustified, unprovoked and deliberate.   Plaintiff's cell window was not covered by Plaintiff; Plaintiff did not hold his dinner tray; he was not a danger to himself or others; he was not having medical or mental issues; and he was visible from the inside cell windows.   The malicious and sadistic actions of Defendants on May 11, 2019 harmed Plaintiff physically and mentally.   Sgt. Huerta told Plaintiff the cell extraction was done "simply because they can end [illegible]."   (Id. at 4:18-19.)   Plaintiff now permanently uses a walker and wears a mobility-impaired vest.   He can never be made whole again.   He is now a disabled person under the ADA.

### Excessive Force Claim - Legal Standard

What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."   Hudson v. McMillian, 503 U.S. 1, 8 (1992).   "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."   Id. (internal quotation marks and citations omitted).   The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).   However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."   Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force

is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

## IV.    PLAINTIFF'S MOTIONS TO COMPEL

### First and Second Motions to Compel (ECF Nos. 31, 35.)

Plaintiff's motions to compel filed on June 24, 2021 and July 19, 2021, are essentially the same motion.  Both motions seek to compel production of CSP's Operational Procedures in effect on May 11, 2019, regarding the policy for staff extracting inmates housed in administrative segregation from their cells.  Plaintiff asserts that his lawsuit concerns an incident in which he was extracted from his cell on May 11, 2019 while housed in administrative segregation, and he contends that Defendants failed to follow any of CSP's procedures during the cell extraction.  Plaintiff claims that Defendants are not acting in good faith and are being "obstructionist." (ECF No. 31 at 1.)

Defendants respond that Plaintiff's motions are procedurally improper because they do not address the legal standard for obtaining a Court order compelling further discovery responses, and because Plaintiff did not supply the disputed requests for production that he propounded on Defendants, nor did he supply the disputed responses and objections. Nonetheless, in a good faith gesture, Defendants have provided the legal standards and discovery documents to the court, which is appreciated and allows the court to consider Plaintiff's motions on the merits.

Defendants also assert that Plaintiff made no effort to meet and confer with Defendants in writing before filing his motion, and that Plaintiff's motion misrepresents their response, implying that Defendants produced no documents.

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. l:**

"Copies of CSP-Corcoran (OP) Operational Policy Procedures pertaining to Ad-Seg cell-extracting inmates from a [*sic*] Ad-Seg cell."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

"Objection. This·request is overly broad and unduly burdensome, as it does not identify a time frame for the documents sought. Without waiving objections, Defendants respond as follows:

Defendants produce relevant excerpts of the Department Operations Manual (DEF-0001-0005) and Title 15 of the California Code of Regulations (DEF 0006-0011) that were in effect on May 11, 2019, the date of the incident at issue in this case."

**REQUEST FOR PRODUCTION NO. 2:**

"Any and all other copies of relevant CSP-Corcoran, Policies and Procedures pertaining to the guidelines that Ad-Seg staff "Shall" follow before using force upon an inmate (via) cell extraction."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

"Objection. This request is overly broad and unduly burdensome, as it does not identify a time frame for the documents sought.  Without waiving objections, Defendant responds as follows:

Defendants produce relevant excerpts of the Department Operations Manual (DEF 0001- 20 0005) and Title 15 of the California Code of Regulations (DEF 0006-0011) that were in effect on May 11, 2019, the date of the incident at issue in this case."

**REQUEST FOR PRODUCTION NO. 3:**

"I'll like to see the video of the cell-extraction use of force by named Defendants against me on (5-11-2019)."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

"After a diligent search and reasonable inquiry, Defendants were unable to locate a video responsive to this request, because the May 11, 2019 cell extraction was not recorded by video.  Therefore, no video will be produced in response to this request."

**Discussion**

Plaintiff served his First Request for Production of Documents on April 28, 2021.  (See ECF No. 39 at 2-4, Exh. A.)  Plaintiff takes issue with Defendants' objection to Requests Nos. 1 and 2 that the "request is overly broad and unduly burdensome as it does not identify a time frame for the document sought."  However, Defendants also responded that:

"Without waiving objections, Defendants respond as follows:

Defendants produce relevant excerpts of the Department Operations Manual (DEF-0001-0005) and Title 15 of the California Code of Regulations (DEF 0006-0011) that were in effect on May 11, 2019, the date of the incident at issue in this case."

Defendants have adequately responded to Plaintiff's Requests Nos. 1 and 2.  The court finds that Defendants have made a reasonable inquiry and exercised due diligence in attempting to locate the documents requested by Plaintiff, and despite their objections, have provided the responsive documents that were found.  Plaintiff has not shown that other documents are available to Defendants in response to Plaintiff's requests.  Therefore, Plaintiff's motions to compel filed on June 24, 2021 and July 19, 2021 shall be denied.

**Plaintiff's Third Motion to Compel (ECF No. 38.)**

In his third motion to compel, Plaintiff seeks further responses to Plaintiff's Second Set of Interrogatories, served on June 29, 2021 (See ECF No. 42 at 6-8, Exh. A.)

**INTERROGATORY NO. l:**

"Prior to you cell-extracting inmate Mr. Thomas on (5-11-2019) was the (CEO) Chief Executive Officer, the Warden of CSP-Corcoran consulted prior to the use of force (via) cell-extraction of Mr. Thomas?  Yes or No?"

**INTERROGATORY NO. 2:**

"Prior to you cell-extracting inmate Mr. Thomas on (5-11-2019) did you have a clinical intervention done by a practitioner, medical doctor, psychiatrist, psychologist or any other medical staff prior to the use of force (via) cell-extraction of Mr. Thomas?  Yes or No?"

**INTERROGATORY NO. 3:**

"If the answer is yes to either of the first two interrogatories, please give me the name and title of the Warden, practitioner, medical doctor, psychiatrist, psychologist or any other medical staff so I can subpoena them at trial."

**Discussion**

Plaintiff asserts that each of the three interrogatories were asked individually of all five Defendants.  He argues that Defendants are not acting in good faith and are acting outside of the Federal Rules of Civil Procedure in refusing to answer or respond to his interrogatories.

In opposition to the motion to compel, Defendants argue that Plaintiff's interrogatories at issue, served on June 29, 2021, were untimely and properly returned to Plaintiff.  Defendants assert that under the Discovery and Scheduling Order, all written requests must be served at least sixty calendar days prior to the discovery deadline, July 23, 2021.  Defendants respond that the interrogatories were untimely because they were served less than thirty days prior to the discovery deadline, and on July 14, 2021, Defendants returned the interrogatories to Plaintiff with a written explanation.  (ECF No. 42 at 27 (Defendants' letter to Plaintiff.))  Defendants also note that Plaintiff failed to submit copies of the served interrogatories, the disputed responses, and objections with his motion to compel, failing to meet his burden to demonstrate that Defendants' response was improper.  In addition, Defendants argue that the motion to compel should be denied because Plaintiff failed to comply with the requirement to exchange written correspondence to resolve disputed issues.

The court concurs that Plaintiff's Interrogatories at issue were untimely served and his motion to compel is deficient under the rules.  Therefore, Plaintiff's motion to compel filed on July 20, 2021 shall be denied.

///

Plaintiff is informed that he is not excused, as a *pro se* litigant, from complying with federal rules and the court's orders when litigating his case.  As a result of Plaintiff's *pro se* status, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  See Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251.  However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Courts in the Eastern District of California have required, "at a minimum, [that] the moving party plaintiff has the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are deficient, (4) why the defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action." Walker v. Karelas, 2009 WL 3075575 at *1 (September 21, 2009); Brooks v. Alameida, 2009 WL 331358 at *2 (February 10, 2009).  Plaintiff is advised to review the court's Discovery and Scheduling Order issued on February 23, 2021, informing the parties of rules and procedures for conducting discovery in this case.  (ECF No. 23.)  Plaintiff is also reminded that if he requires additional time to meet a court deadline he should file a motion for extension of time or a motion to modify the scheduling order before the pending deadline expires.

## V.   CONCLUSION

The court finds that Plaintiff's motions to compel, filed on June 24, 2021, July 19, 2021, and July 30, 2021, must be denied.

Therefore, based on the foregoing, IT IS HEREBY ORDERED that:

1.   Plaintiff's motions to compel, filed on June 24, 2021, July 19, 2021, and July 30, 2021, are DENIED; and

///

///

10

2.      Defendants are not required to make further responses to Plaintiff's First Request for Production of Documents served on April 28, 2021 or Plaintiff's Second Set of Interrogatories served on June 29, 2021.

IT IS SO ORDERED.

Dated:   **November 15, 2021**                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

11