UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT QUINCY THOMAS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>REYNA, et al.,<br><br>　　　　Defendants. | **1:19-cv-01217-DAD-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED**<br>**(ECF No. 37.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.  BACKGROUND**

Plaintiff, Robert Quincy Thomas, is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 4, 2019. (ECF No. 1.) This case now proceeds with the original Complaint against defendants Correctional Officer (C/O) L. Reyna, C/O M. Podsakoff, C/O P. Vellido, C/O J. Centeno, and Sergeant (Sgt.) N. Huerta (collectively, "Defendants"), for use of excessive force in violation of the Eighth Amendment. (Id.)

On July 26, 2021, Plaintiff filed a motion for summary judgment. (ECF No. 37.) On August 17, 2021, Defendants filed an opposition to Plaintiff's motion. (ECF No. 43.) Plaintiff's motion for summary judgment is deemed submitted. Local Rule 230(*l*).

**II.  SUMMARY JUDGMENT STANDARD**

Any party may move for summary judgment, and the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). The dispute must be over a fact that is material, i.e., one that makes a difference in the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. Id.  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). The court must liberally construe *pro se* pleadings.[1]

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)).

---

[1] In light of the Ninth Circuit's directive that a document filed *pro se* is "to be liberally construed," Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, and Rule 8(e) of the Federal Rules of Civil Procedure that "[p]leadings shall be construed so as to do justice," see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007), the court shall strive to resolve this motion for summary judgment on the merits.

In judging the evidence at the summary judgment stage, the court may not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984 (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted). Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. American Int'l Group, Inc. v. American Int'l Bank, 926 F.2d 829, 836 (9th Cir. 1991) (citing Celotex, 477 U.S. at 322, 106 S.Ct. 2548). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. See Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995). The court determines only whether there is a genuine issue for trial. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In arriving at these findings and recommendations, the court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this court did not consider the argument, document, paper, or objection. This court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

## III.  PLAINTIFF'S ALLEGATIONS[2]

Plaintiff is presently incarcerated at Kern Valley State Prison in Delano, California. The events at issue in the Complaint allegedly took place at Corcoran State Prison (CSP) in Corcoran, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation.

Plaintiff's allegations follow:

---

[2] The verified allegations in Plaintiff's Complaint constitute evidence where they are based on his personal knowledge of facts admissible in evidence. Jones v. Blanas, 393 F.3d 918, 922-23 (9th Cir. 2004). This summary of allegations is included for convenience but should not be viewed as a ruling that the allegations are admissible.

On May 11, 2019, while at CSP pending transfer to another prison, Plaintiff was extracted from his cell by Defendants C/O Reyna, C/O Podsakoff, C/O Vellido, and C/O Centero on the orders of Defendant Sgt. Huerta. Plaintiff was standing at his cell door in the ASU (Administrative Segregation Unit) talking to Sgt. Huerta about why he (Huerta) covered the outside of Plaintiff's cell window with yellow paper. Plaintiff told Sgt. Huerta that the act was unconstitutional. As they continued to talk about the matter, Sgt. Huerta became angry and ordered Defendants Reyna, Podsakoff, Vellido, and Centero to run into Plaintiff's cell. As soon as the cell door was opened Defendant Reyna entered the cell followed by Defendants Podsakoff, Vellido, and Centero.

Defendant Reyna was holding a plexiglass shield in his hands and charged into the cell, pinning Plaintiff against the back wall. When Plaintiff called out for help, Reyna rammed Plaintiff a few more times with the shield, shouting "Shut the fu** up!" (Complaint at 6:6-8.) Plaintiff tried to curl his body against the blows from the shield and yelled "Help!" again. (Id. at:10-11.) Then Defendant Podsakoff grabbed Plaintiff by his tee shirt and left arm and slammed him to the cell floor. Plaintiff was in a prone position face down. Defendant Podsakoff placed Plaintiff in handcuffs and Defendant Centeno placed Plaintiff in leg restraints. Defendant Reyna placed his knee in Plaintiff's back, pressing it up and down. Defendants Vellido and Centeno snatched Plaintiff's shoes off and started kicking Plaintiff's legs, pulling him "every which way" by his feet. (Id. at 7:6-7.)

Podsakoff and Reyna kneed Plaintiff's back with their body weight until Plaintiff felt something pop in his back. Plaintiff yelled loudly, "My back, I can't feel my legs!" (Id. at 7:13-14.) Only then did they stop their attack. All of this happened in the presence of Sgt. Huerta who sometimes gave the other Defendants orders to use force against Plaintiff. After Plaintiff yelled that he could not feel his legs, Sgt. Huerta told Reyna and Podsakoff to get off of Plaintiff's back and exit the cell. Plaintiff was unable to get up on his own. He was dragged out of the cell by his arm pits and laid face down next to the wall across from his cell. He was placed in a wheelchair and taken to see medical staff at CSP TTA. Plaintiff was then transferred from CSP

///

to a hospital in Hanford, California. The doctors ran tests and had Plaintiff transferred to Adventist Health Hospital in Bakersfield, California by ambulance.

At Adventist Health Hospital, they took tests and kept Plaintiff for three days. Plaintiff began to regain some movement in his legs and feet, but he still could not feel his legs or feet. On May 14, 2019, Plaintiff was sent back to CSP, and on May 15, 2019, he was transferred to North Kern State Prison CTC Medical for physical therapy. After therapy he was able to get out of the wheelchair and on May 24, 2019, was sent back to CSP where he continued his therapy.

No CDCR rules or policies were followed during Plaintiff's extraction from the cell. The force used was excessive and unjustified, unprovoked, and deliberate. Plaintiff's cell window was not covered by Plaintiff; Plaintiff did not hold his dinner tray; he was not a danger to himself or others; he was not having medical or mental issues; and he was visible from the inside cell windows. The malicious and sadistic actions of Defendants on May 11, 2019 harmed Plaintiff physically and mentally. Sgt. Huerta told Plaintiff the cell extraction was done "simply because they can end [illegible]." (Id. at 4:18-19.) Plaintiff now permanently uses a walker and wears a mobility-impaired vest. He can never be made whole again. He is now a disabled person under the ADA.

**IV.   EXCESSIVE FORCE – EIGHTH AMENDMENT CLAIM**

What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force

is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

## V. DISCUSSION

Plaintiff's motion for summary judgment consists of three pages requesting the court to grant him summary judgment as to the liability of Defendants for injuries/damages he sustained for alleged unlawful use of force during a cell-extraction on May 11, 2019. (ECF No. 37.) The motion is accompanied by exhibits, which consist of documents showing Plaintiff's not-guilty finding of Defendants' Rules Violation Report (Exhibit A), and medical records of Plaintiff's physical therapy (Exhibit B). (ECF No. 37 at 22-52.)

In opposition to the motion, Defendants argue that Plaintiff's motion should be stricken as procedurally deficient because it does not comply with Local Rule 260, which requires Plaintiff to submit a "Statement of Undisputed Facts," which enumerates discretely each of the material facts relied upon in support of the motion and cites the evidence supporting each fact.

Defendants also argue that Plaintiff provides no evidence that Defendants were doing anything except attempting to maintain or restore discipline on May 11, 2019. Plaintiff's copy of the Rules Violation Report demonstrates that Defendants entered his cell on an emergency basis because he had covered the cell window and food port so that Defendants were unable to verify his well-being. (RVR, Exhibit A, ECF No. 37 at 15.) Upon entry into the cell, Plaintiff resisted, forcing the officers to take him to the ground. (Id.) The RVR provides no evidence that

Defendants applied any more force than was necessary to quell the situation instigated by Plaintiff.  (Id.)  Defendants argue that they are entitled to qualified immunity because a correctional officer in Defendants' position would reasonably believe that it was necessary to enter the cell and apply force to Plaintiff.

Defendants also argue that the RVR demonstrates that Plaintiff was found not guilty of the charge of Battery on a Peace Officer only because Plaintiff struck a shield carried by Defendant Reyna, but not Defendant Reyna himself, or any other officer-- but this does not alter the fact that Plaintiff charged Reyna posing a threat of harm, and thereafter failed to comply with verbal orders to go the ground.  Defendants argue that Plaintiff has not, as a result, carried his evidentiary burden and ask the court to deny the motion for summary judgment.

*Pro se* litigants must follow the same rules of procedure that govern other litigants. Hudson v. Lawrence, No. 2:20-cv-0412 TLN DB-P. 2021 WL 4805464 (E.D. Cal. October 14, 2021 (citing see, e.g., American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000)).  However, the Ninth Circuit has repeatedly reaffirmed the principal that *pro se* prisoner litigants are entitled to leniency, particularly in civil rights cases.  Id. (citing e.g., Thomas, 611 F.3d at 1150 ("courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly"); Pouncil v. Tilton, 704 F.3d 568, 574-75 (9th Cir. 2012) (construing *pro se* complaints liberally protects the rights of *pro se* litigants to self-representation and meaningful access to the courts, which is particularly important in civil rights cases);

To the extent possible, therefore, the court should endeavor to resolve a *pro se* plaintiff's motion for summary judgment on its merits.  Woods v. Carey, 684 F.3d 934, 938-40 (9th Cir. 2012) (recognizing hardships faced by prisoners proceeding *pro se*)).  However, the court finds that in this instance Plaintiff's motion is deficient to the extent that it cannot be resolved substantively.  Plaintiff's motion fails to "identify[ ] each claim or defense—or the part of each claim or defense—on which summary judgment is sought," a most basic requirement for requesting summary adjudication.  Id. (citing see Fed. R. Civ. P. 56(a)). He also has not asserted facts, supported by evidence, to succeed on his claims under the Eighth Amendment.  Id.  Under

these circumstances, the court cannot make a finding that Plaintiff has "affirmatively demonstrate[d] that no reasonable trier of fact could find other than for" him.  See Soremekun, 509 F.3d at 984.  Therefore, the court shall recommend that Plaintiff's motion for summary judgment be denied.  Based on this recommendation, Defendants' motion for qualified immunity shall not be considered

## VI. CONCLUSION AND RECOMMENDATION

Based on the foregoing, **THE COURT HEREBY RECOMMENDS** that:

1. Plaintiff's motion for summary judgment, filed on July 26, 2021, be denied; and
2. This case be referred back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** from the date of service of these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **seven (7) days** of the date the objections are filed.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 21, 2021**                    /s/ Gary S. Austin
                                                                        UNITED STATES MAGISTRATE JUDGE