UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT QUINCY THOMAS,<br><br>           Plaintiff,<br><br>   v.<br><br>REYNA, et al.,<br><br>           Defendants. | Case No. 1:19-cv-01217-DAD-GSA (PC)<br><br>**ORDER SETTING TELEPHONIC PRE-SETTLEMENT CONFERENCE AND SETTLEMENT CONFERENCE PROCEDURES** |

This matter has been set for a settlement conference before the undersigned on **June 9, 2022, at 10:00 a.m.** (Doc. 50.) The Court herein sets a telephonic pre-settlement conference and settlement conference-related procedures.

Accordingly, the Court ORDERS:

1. The Court SETS a telephonic pre-settlement conference for **June 1, 2022, at 11:00 a.m.** before the undersigned to discuss whether the settlement conference will be productive. Defense counsel shall arrange for Plaintiff's participation. The parties shall dial 1-888-557-8511 and enter access code 6208204# for the telephonic conference.

2. The settlement conference on June 9, 2022, will be conducted over Zoom.[1] Defense counsel shall arrange for Plaintiff's participation. Prior to the conference, defense

---

[1] The Court will notify the parties in advance if the settlement conference will proceed by other means.

       counsel shall contact the undersigned's courtroom deputy at wkusamura@caed.uscourts.gov for the Zoom videoconference connection information. The Court will issue a writ of *habeas corpus ad testificandum* to allow for Plaintiff's participation, as appropriate.

3. Each party or a representative with full authority to negotiate and enter into a binding settlement agreement shall participate in the conference. The failure of any counsel, party, or authorized person subject to this order to participate in the conference may result in the imposition of sanctions.

4. Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference. Participants in the conference must be prepared to discuss the claims, defenses, and damages.

5. The parties shall engage in <u>informal</u> settlement negotiations as follows:

   No later than **April 28, 2022**, Plaintiff shall submit to Defendants, by mail, a written itemization of damages and a meaningful settlement demand, including a brief explanation of why such settlement is appropriate, which shall not exceed 5 pages.

   No later than **May 12, 2022**, Defendants shall respond, by mail or telephone, with an acceptance of Plaintiff's offer or a meaningful counteroffer, including a brief explanation of why such settlement is appropriate.

   If settlement is achieved, the parties shall file a Notice of Settlement as required by Local Rule 160.

6. If settlement is not achieved informally, the parties shall submit confidential settlement conference statements no later than **May 26, 2022**. Defendants shall email their statement to skoorders@caed.uscourts.gov. Plaintiff shall mail his statement, clearly captioned "Confidential Settlement Conference Statement," to United States District Court, Attn: Magistrate Judge Sheila K. Oberto, 2500 Tulare Street, Room 1501, Fresno, CA 93721.

   Once the parties have submitted their statements, they shall file a "Notice of

Submission of Confidential Settlement Conference Statement" with the court. The confidential settlement conference statements themselves **should not be filed** with the court **nor served** on the opposing party.

7. The confidential settlement conference statements should be no longer than 5 pages in length and include:

    a. A brief summary of the facts of the case;

    b. A brief summary of the claims and defenses of the case, i.e., the statutory, constitutional, or other grounds upon which the claims are founded;

    c. A forthright discussion of the strengths and weaknesses of the case and an evaluation of the likelihood of prevailing on the claims or defenses, from the party's perspective, and a description of the major issues in dispute;

    d. An estimate of the party's expected costs and time to be expended for further discovery, pretrial matters, and trial;

    e. A summary of past settlement discussions, including the informal settlement negotiations required above; a statement of the party's current position on settlement, including the amount the party would offer and accept to settle (in specific dollar amounts); and a statement of the party's expectations for settlement discussions;

    f. A list of the individuals who will be attending the conference on the party's behalf, including names and, if appropriate, titles; and,

    g. If a party intends to discuss the settlement of any other actions or claims not raised in this suit, a brief description of each action or claim, including case number(s), as applicable.

IT IS SO ORDERED.

Dated:   **March 14, 2022**                         /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE